■ EMILIA M. SANNAZZARI, Respondent, v. PAN AMERICAN WORLD AIRLINES, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on September 12, 1972, denying defendants' motion to dismiss on the ground of *forum non conveniens*, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion is granted without costs and without disbursements to either party and the complaint dismissed, on condition that within 10 days after service by respondent upon appellants of a copy of the order to be entered hereon, defendants stipulate to accept service of process in either Argentina or Zambia (to be determined at the election of plaintiff) and to appear in an action to be commenced in either of these countries for the same relief demanded in the complaint herein and that in any action commenced in either Argentina or Zambia it will not plead the Statute of Limitations as a defense, but will waive it. In the event of defendant's failure to comply with the foregoing conditions, the order is unanimously affirmed, without costs and without disbursements. The action in either Argentina or Zambia is to be instituted within three months after service of a copy of the order to be entered hereon and compliance with the conditions imposed. The underlying action is between nonresidents and based on a tort (automobile accident) which occurred in Zambia. The plaintiff is an Argentinian resident and national. The defendant Intercontinental Hotels Corp. is a Bermuda corporation doing business in New York and defendant Intercontinental Lusaka, doing business in Zambia, is a lessee of that corporation. It was Intercontinental Lusaka that owned the car and employed the driver involved in the accident. Pan American World Airlines, while incorporated in New York, has no meaningful nexus to this action other than that Intercontinental Hotel Corp. is its subsidiary. Plaintiff's medical treatment was primarily in Zambia and Argentina. She first was examined by a New York doctor seven months after the accident. She had already had treatment in both Zambia and Argentina. "It is the general policy of the courts of this State in the absence of special circumstances, to reject actions between nonresidents founded on tort, where the cause of action arises outside the State" (*Aetna Ins. Co.* v. *Creole Petroleum Corp.*, 27 A D 2d 518, affd. 23 N Y 2d 717). There is insufficient showing of special circumstances in this case to compel retention of jurisdiction. In view of the above, trial of this action in New York would constitute an unnecessary burden on the New York courts as well as an improper hardship on the foreign defendants. Settle order on notice. Concur — Nunez, J. P., Kupferman, Murphy, Lane and Tilzer, JJ.

■ In the Matter of DALE SYSTEM, INC., et al., Petitioners, v. DEPARTMENT OF STATE, Respondent.— Determination of the respondent dated November 29, 1971, suspending the private investigator licenses of petitioners, or in lieu of such suspension imposing fines in the sum of $4,750, unanimously modified, on the law and the facts, to reduce the fine to $4,500, and otherwise confirmed, without costs and without disbursements. We agree with respondent's findings and conclusions as to all specifications except the third. This charged a failure to maintain employees' statements and fingerprints. The fine imposed for the said alleged failure was $250. We find that no failure to maintain these records was established. All that was shown was that they were not immediately available. They were, however, seasonably produced. Concur — Stevens, P. J., Markewich, Nunez, Steuer and Capozzoli, JJ.